Matthew K. Peterson (ABA #8006038)
Linda J. Johnson (ABA #8911070)
Clapp, Peterson, Van Flein,
  Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Elizabeth Baisi, M.D.;
L. Judith Bautista, M.D.; Ruth Dukoff, M.D.;
and Jan Kiele, M.D.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Ex rel. Law Project for Psychiatric Rights, an Alaskan non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OSAMU H. MATSUTANI, MD, et. al.,<br><br>Defendants. | No. 3:09-cv-00080-TMB<br><br>**MOTION TO CLARIFY COURT ORDER SEALING CERTAIN COURT DOCUMENTS** |

This matter was originally filed under seal. After a period of time, the complaint was unsealed to allow service on defendants. The Court's order, Docket No. 16, allowed the complaint to be unsealed and served upon defendants by the relator in the matter.

The other contents in the Court's file were to remain under seal and not be made public. *Id.* Nor were they to be served on the defendants. *Id.* The order is silent on the

issue of whether defense counsel who later appear in the action would be allowed to see and utilize the sealed documents, as they would under a normal case proceeding with one or more sealed exhibits or documents.

The file was in fact set up, and continues to be within the federal court system, to seal certain documents, Docket Nos. 2 through 13 and No. 15, from public access. In checking the court file through the Pacer system, the public is not permitted to view or download those documents.

However, the court file is set up and does allow full access to all of those documents, including viewing and downloading, once any counsel of record has appeared. In routine compiling of the file, our staff inquired and was told that we could view or download documents upon an entry of appearance. We have done so. The circumstances are set forth in the Affidavit of Matthew K. Peterson, filed with this motion.

We have treated those documents as normal sealed exhibits or documents, but ones that nevertheless are available to counsel for use in the case. However, there are differing opinions amongst defense counsel as to whether defendants can or cannot refer to or utilize those documents in further litigation of the matter.

Therefore, counsel requests clarification of the Court's order of January 22, 2010, and intent. There appear to be three options:

1. It is requested that the Court clarify that counsel of record, including defense counsel, are entitled to both view and download the documents at Docket Nos. 2-13 and No. 15, and that although those are under seal as to the public, they are available for use in the litigation. Any reference to those or use for further exhibits would of course remain under seal in further public pleadings. This appears to be the exact way the file has been set up and treated by the court system, and is not inconsistent with the Court's order. However, the Court's order does not specify that this is permitted, either. This clarification, if that was the Court's intention, would make the Court's order consistent with how the file has been handled.

2. Second, the undersigned believes the plaintiff and one or more of the defendants will likely move to unseal the entire file as to the public as well as counsel. There likely will be responsive pleadings filed suggesting that as an option.

3. The third option is if the Court's intent was to seal the docket numbers referred to from defense counsel who have appeared in the action as well as the public, it is requested that that be clarified and specified. If that was the Court's intent, it is requested that the clerk be so advised to take what steps they may wish to take with regard to the electronic access to the file. Further, the undersigned takes responsibility for access to the file obtained by his office and will further take responsibility to insure compliance with the order as clarified.

The Department of Justice, through Assistant U.S. Attorney Richard Pomeroy, has been notified of this issue so that it may take whatever position it feels is appropriate under the circumstances. James Gottstein, counsel for the Law Project for Psychiatric Rights, has also been advised. It is anticipated that the Law Project may move to unseal the entire file.

The undersigned counsel stands ready to proceed as directed by the Court.

DATED at Anchorage, Alaska, this 10th day of March, 2010.

        CLAPP, PETERSON, VAN FLEIN,
        TIEMESSEN & THORSNESS, LLC
        Attorneys for Defendants Elizabeth Baisi, M.D.; L. Judith Bautista, M.D.; Ruth Dukoff, M.D.; and Jan Kiele, M.D.


s/ Matthew K. Peterson
CLAPP, PETERSON, VAN FLEIN,
TIEMESSEN & THORSNESS LLC
711 H Street, Suite 620
Anchorage, AK 99501-3454
Phone: (907) 272-9631
Fax: (907) 272-9586
Direct email: mkp@cplawak.com
Alaska Bar No. 8006038

Certificate of Service

I hereby certify that on March 10, 2010,
a copy of the foregoing document
was served electronically on all parties of record.

s/ Matthew K. Peterson