Matthew K. Peterson (ABA #8006038)
Linda J. Johnson (ABA #8911070)
Clapp, Peterson, Van Flein,
 Tiemessen & Thorsness, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
(907) 272-9272
usdc-anch-ntc@cplawak.com
Attorneys for Elizabeth Baisi, M.D.;
L. Judith Bautista, M.D.; Ruth Dukoff, M.D.;
and Jan Kiele, M.D.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Ex rel. Law Project for Psychiatric Rights, an Alaskan non-profit corporation,<br><br>Plaintiff,<br><br>v.<br><br>OSAMU H. MATSUTANI, MD, et. al.,<br><br>Defendants. | No. 3:09-cv-00080-TMB<br><br>**AFFIDAVIT OF MATTHEW K. PETERSON** |

STATE OF ALASKA   )
                 )ss.
THIRD JUDICIAL DISTRICT )

Matthew K. Peterson, being first duly sworn upon oath, deposes and states:

1.   I am counsel of record for defendants Drs. Bautista, Baisi, Kiele, and Dukoff, and will be entering an appearance, upon order of joinder, for Frontline Hospital LLC, d/b/a North Star Hospital. Our office also represents the Fairbanks group

of psychiatrists, Drs. Rothrock and Martino, and Fairbanks Psychiatric & Neurologic Clinic.

2. In organizing our file in this case, our staff talked with the clerk's office. They were told that, upon entering an appearance, we would be able to download a complete copy of all docketed materials.

3. This matter had originally been sealed, and submitted for review by the Department of Justice, which declined to intervene. Part of the file was unsealed. A certain amount of pleadings and case activity occurred prior to the unsealing of the file. However, per court order, certain documents, Docket Nos. 2 through 13 and No. 15, remained under seal (Order, Docket No. 16). These were sealed as to the public. These were also not to be served as to the defendants. *Id.*

4. Upon entering an appearance, the sealed documents, Nos. 2-13, and No. 15, were visible on the docket. Staff downloaded and printed a copy of the complete docketed court file, including Docket Nos. 2-13 and No. 15. At the time of filing this affidavit, the situation is the same; that is, the Docket Nos. 2-13 and No. 15 are not available to the public through Pacer, but are fully electronically visible and downloadable to all counsel of record in the case. Therefore, the undersigned counsel of record hereby gives notice to the Court to request Court clarification of its order and direction as to how to proceed.

5. I have spoken with plaintiff's attorney, James Gottstein. He advises generally that he has no problem with the defense obtaining the documents from his perspective. However, he felt he could not stipulate to their unsealing, as that is a matter resting within the Court's discretion. In addition, Mr. Gottstein advises he may take the position that the documents should be unsealed as to the public as well, and simply let the court file be opened in its entirety, as a normal court file would be.

6. I have also spoken with Assistant U.S. Attorney Richard Pomeroy of the Anchorage office of the Department of Justice. I advised Mr. Pomeroy of the sealed file issue, since the United States Government and the Department of Justice U.S. Attorney's Office has a right to take a position on these materials as well.

7. Although I have discussed the matter with Mr. Pomeroy, I have not heard back from either him or any other member of the Department of Justice as to its position. Accordingly, I am filing this notification with the factual information so the Department of Justice may respond as it feels appropriate under the circumstances.

8. I believe there are three reasonable options in handling this issue:

a. the first is to clarify the earlier order and confirm that the documents are not under seal as to defense counsel who have appeared for use in court proceedings, but maintaining the seal as to the public. In this option, the documents would be treated as a normal court file which is in part sealed, but nevertheless these

Affidavit of Matthew K. Peterson
*Law Project for Psychiatric Rights v. Matsutani, et al.*, Case No. 3:09-cv-80-TMB
Page 3 of 5

exhibits and documents can be used by the counsel for the parties but are protected from public disclosure. This appears to be the way the file in fact was set up.

      b.     Second would be to unseal the entire file. This may be requested by Mr. Gottstein on behalf of plaintiff.

      c.     The third option would be for the Court to clarify if the intent was to seal these materials from defense counsel, and order return of all copies and deletion from computer files copies of the documents so they are sealed, and said materials will not be used by defendants. Presumably, electronic access to these documents would also be removed from counsel of record in the electronic court docket.

9.     If all records were to be sealed from defense counsel, this access to them has occurred through inadvertence, and there is and has been no intent to violate the Court's order. Nevertheless, I feel it is my responsibility as counsel both to notify the Court, seek clarification, and if necessary, to rectify the matter. We will proceed in accordance with the orders and instructions of the Court as to the further handling of these documents.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Matthew K. Peterson

Affidavit of Matthew K. Peterson
*Law Project for Psychiatric Rights v. Matsutani, et al.*, Case No. 3:09-cv-80-TMB
Page 4 of 5

SUBSCRIBED AND SWORN to before me this 10th day of March, 2010 at Anchorage, Alaska.

_____
Notary Public in and for Alaska
My Commission Expires: 2/3/12

Certificate of Service

I hereby certify that on March 10, 2010,
a copy of the foregoing document
was served electronically on all parties of record.

s/ Matthew K. Peterson



Affidavit of Matthew K. Peterson
*Law Project for Psychiatric Rights v. Matsutani, et al.*, Case No. 3:09-cv-80-TMB
Page 5 of 5