KAREN L. LOEFFLER
United States Attorney

RICHARD L. POMEROY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Rm. 253
Anchorage, Alaska 99513-7567
Telephone: (907) 271-5071
Facsimile: (907) 271-2344
richard.pomeroy@usdoj.gov

Attorney for United States

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. Law Project for Psychiatric Rights,<br><br>Plaintiff,<br><br>vs.<br><br>Osami H. Matsutani, et al.<br><br>Defendants. | Case No. 3:09-cv-0080-TMB<br><br>**RESPONSE TO ORDER REQUESTING FURTHER BRIEFING AND TO DEFENDANTS' MOTION TO CLARIFY** |

INTRODUCTION AND BACKGROUND

The Relator's April 27, 2009 *qui tam* Complaint (Doc. 1) was originally filed under seal, as required by the provisions of the False Claims Act, 31 U.S.C. 3729 *et seq.* (FCA). On July 1, 2009, the Government moved for an extension of the seal period until and including January 4, 2010. (Doc. 7). The Court granted the government's Motion.

(Doc. 11 and 12). After investigation, the government notified the Court of its intention to decline to intervene on December 31, 2009. At the time it declined to intervene, the government moved the Court, consistent with the FCA's requirements, to unseal the Relator's Complaint. The government also moved the Court to keep under seal all documents other than the Complaint, the Notice declining intervention, and any filings post-declination. The Court so ordered. (Doc. 16).

While the small number of documents that remain sealed are not available to the general public, prior to the Court's March 11, 2010 Order (Doc. 64), the Defendants in this case were permitted access to these sealed documents. The Court's March 11, 2010 Order resealed docket numbers 2-13 and 15 from the Defendants and ordered the government to file a brief responding to this order. Specifically, in its Order, the Court has indicated that it "sees two possible options: either the documents should be sealed from the public, or they should be sealed from both the public and Defendants' counsel." (Doc. 64). The United States files this Response to the Court's Order, requesting that the Court adopt its second option and retain under seal docket numbers 2-13 and 15. As described below, the government's filings in the pre-intervention period are protected by the investigative privilege doctrine, the work protect doctrine, and are irrelevant to the claims or defenses in this action. For these reasons, the government requests that the pre-declination filings remain sealed not only from the public, but from the Defendants as well.

DISCUSSION

I.  The Statutory Scheme of the False Claims Act

The FCA creates a statutory scheme that requires *qui tam* complaints to be filed under seal, and to remain under seal, for "at least 60 days." 31 U.S.C. § 3730(b)(2). During this period, the United States, through the Attorney General, is authorized and required to investigate the allegations brought by the *qui tam* relator. 31 U.S.C. 3730(b)(4). Recognizing that many cases will take longer than the initial 60 day period to investigate, Congress provided that the United States may request extensions of the 60 day period "for good cause shown" and that "such submissions may be supported by affidavits or other submissions *in camera*." 31 U.S.C. § 3730(b)(3). The government's motions for extension of the 60-day period are themselves filed under seal. *United States v. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191-92 (E. D. Mo. 1995). The seal does not lift automatically under the FCA; rather, the *qui tam* complaint may not be unsealed "until the court so orders." 31 U.S.C. § 3730(b)(2).

At the close of the investigatory period, the United States either elects to intervene in the suit, in order to take over the litigation against the defendant, or to decline to intervene. 31 U.S.C. § 3730(b)(4)(A). The government is not a party to the action until and unless it intervenes. Only after an intervention decision is the seal lifted and the complaint served on the defendant.

II.     Under the FCA, the Government's Extension Request and Related Documents Should Remain Under Seal

When the government gave notice that it declined to intervene in this matter, it also moved the Court to unseal the relator's *qui tam* Complaint.  As required by the FCA, the Court ordered that the Complaint be unsealed and the Defendants be served with the Complaint.  On the government's motion, the Court also ordered that, other than the Complaint and the notice to decline intervention, all other pre-declination filings remain under seal.

The United States agrees that the Complaint, the notice to decline intervention, and all post-declination filings be unsealed.  After the government issues its notice to decline to intervene, the *qui tam* Complaint and all subsequent filings are relevant and potentially necessary for the relator and Defendants to effectively litigate the case.  However, none of the pre-declination filings are part of an ordinary litigation; rather, they reflect the government's investigative processes, they contain the government's work product, and they are irrelevant to the claims or defenses in this action.  For these reasons, the government requests that the pre-declination filings remain sealed not only from the public, but from the Defendants as well.

   A.    The Extension Request and Related Documents Should Be Sealed Because They Record the Government's Investigative Processes

The FCA's statutory scheme, and its *qui tam* provisions in particular, are "unique

in the law." *United States ex rel. Killingsworth v. Northrop Corp.*, 25 F.3d 715, 720 n.2 (9th Cir. 1994). In particular, unlike a litigation that commences on the filing of a complaint, the filing of a *qui tam* complaint did not commence the government's litigation against the Defendants; rather, it only commenced the government's *investigation* of the *qui tam* Complaint's allegations. The Complaint remained under seal "to allow the government an adequate opportunity to fully evaluate the private enforcement suit and to determine" whether "it is in the government's interest to intervene and take over the civil action." S. Rep. 345, 99th Cong. 2d Sess. At 2 (1986) [reprinted in 1986 U.S.C.C.A.N. 5266, 5289; *United States v. Lujan v. Hughes Aircraft Co.*, 67 F.3d 242, 245-47 (9th Cir. 1995)].

The *qui tam* investigation period is unique because, among other reasons, the government is required to show "good cause" in order to obtain extensions of the seal period. 31 U.S.C. § 3730(b)(3). As a result, the FCA compels the government to put into writing, and file with the Court, enough information to permit the Court to evaluate whether good cause exists for an extension. As a result, during the seal period, the government must, to some degree, reveal to the Court the details and progress of its investigation. As is typical, in this case the government revealed actions taken in furtherance of the investigation, the progress made, and the government agencies involved in the investigation. This type of information is protected from disclosure by the government's "privilege of preserving the confidentiality of investigative files," which is

a "recognized privilege" in the federal courts. *NLRB v. Health Tec Division*, 566 F.2d 1367, 1370 (9th Cir. 1978).

If the government's investigative processes were unsealed, even if only to the Defendants in this case, the purposes of the FCA's sealed investigation period would be undermined. The government's motion for an extension and related documents tell the story of the government's investigation in the present case. They reveal pieces of the government's investigatory techniques, decision-making processes, research, and reasoning that apply in hundreds of similar cases in which the government must decide whether and how to conduct enforcement litigation. Revealing all these matters to the Defendants would benefit the Defendants in this case by offering them "insight into the [government's] general strategic and tactical approach to deciding when suits are brought, how they are conducted, and on what terms they may be settled." *Federal Trade Commission v. Grolier, Inc.*, 462 U.S. 19, 31 (1983) (Brennan, J. concurring).

In addition, such a rule would have a chilling effect on the content of future motions for extension because, if there is a possibility that the contents will be unsealed, then the government would be less free to share its investigation processes with the court. This, in turn, will put the government at a disadvantage in requesting extensions of the seal period, which can only be extended on the government's demonstration of "good cause." In short, a holding that motions for extension can be unsealed would force the government to navigate between the Scylla of asking for extensions of the seal without

being able fully to demonstrate "good cause," or the Charybdis of risking the disclosure of its privileged investigative processes. Such a rule is inconsistent with Congress's stated intention in enacting the FCA, which is "to allow the government an adequate opportunity to fully evaluate the private enforcement suit." 1986 U.S.C.C.A.N. at 5289; *Lujan*, 67 F.3d at 245-47.

Moreover, in the absence of a *qui tam* action, defendants would not have access to the status and strategy of the government's pre-litigation investigation. There is no sound reason to depart from the fundamental principle in *qui tam* cases, nor is there any indication that Congress intended to confer such a windfall on *qui tam* defendants. Because the FCA requires the government to prepare a record of its investigative processes in support of its motions for extension of the seal period, and because the FCA's goal is to assist, not to hinder, the investigation of fraud, the government's motions for extension should remain under seal. *See O'Keefe*, 902 F. Supp. at 192 (extension requests should remain under seal when they "provide some substantive details regarding the government's methods of investigation.")

> B. The Extension Request and Related Documents Should Be Sealed Because They Record the Government's Work Product

For similar reasons, the extension request and related documents should be sealed because they record the government's work product. As noted, the government's motion for extension in this case revealed pieces of the government's investigatory techniques,

decision-making processes, research, and reasoning. This information consists of work product that is protected from disclosure. *Hickman v. Taylor*, 329 U.S. 495, 510-12 (1947). It would be particularly inappropriate to reveal the government's work product created in the pre-intervention period when the government is not even a party to the suit. As noted, the government is not a party unless and until it intervenes in a *qui tam* suit; the government's pre-intervention filings, therefore, are not "pre-trial proceedings" that would normally be subject to discovery. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1214 (9th Cir. 1989). Because the extension requests contain work product, and because this work product would not otherwise be discoverable because it is not part of a "pre-trial proceeding" to which a right of access attaches, the government's motion for extension should remain under seal.

    C.    <u>The Defendants Have No Legitimate Need for the Government's Extension Requests</u>

In addition to the reasons described above, the Court should keep the extension requests and related documents under seal because the Defendants have articulated no legitimate reason why they need access to these documents. In the Ninth Circuit, a person seeking access to sealed court records must make a threshold showing of a legitimate need for the disclosure of these documents. *United States v. Kaczynski*, 154 F.3d 930, 931 (9th Cir. 1998). Further, disclosure can only be ordered if the need for disclosure outweighs the need for confidentiality. *Id.* In this case, no threshold showing has been

made by the Defendants in their Motion to Clarify. Furthermore, because the Relator already has access to these documents, the Relator can assert no threshold showing either. Accordingly, the Court can and should maintain the seal on the government's extension requests for this reason alone. As noted, the United States has a great interest in the confidentiality of its privileged work product, and such an interest outweighs any curiosity that any party might have about the government's investigation. *Kaczynski*, 154 F.3d at 931. *See also United States ex rel. Yannacopolous v. General Dynamics*, 457 F.Supp.2d 854 (N. D. Ill. 2006) ("In FCA cases, it is appropriate to deny a motion to unseal a court file if unsealing would disclose confidential investigative techniques."); *O'Keefe*, 902 F. Supp. at 192.

## CONCLUSION

For the foregoing reasons, the Court should SEAL Docket Numbers 2-13 and 15 from both the Defendants in this case and the public at large. In the alternative, if the Court finds that the government's work product and investigative privilege can be protected by a more limited use of the seal, then government requests, at the very least, that the Court SEAL the following docket entries from both the Defendants and the public at large:

Docket # 3

Docket # 4

Docket # 5

Docket # 6

Docket # 7

Docket # 8

Docket # 9

Docket # 15

      RESPECTFULLY SUBMITTED this March 15, 2010.

      KAREN L. LOEFFLER
      United States Attorney

      s/Richard L. Pomeroy
      Assistant U.S. Attorney
      222 West 7th Ave., #9, Rm. 253
      Anchorage, AK 99513-7567
      Phone: (907) 271-5071
      Fax: (907) 271-2344
      E-mail: richard.pomeroy@usdoj.gov

      TONY WEST
      Assistant Attorney General

      /s/ Evan C. Zoldan
      Joyce R. Branda
      Daniel R. Anderson
      Evan C. Zoldan

      Civil Division
      Commercial Litigation Branch
      P.O. Box 261
      Ben Franklin Station
      Washington, D.C. 20044
      Phone: 202-305-2335

**CERTIFICATE OF SERVICE**

I hereby certify that on March 15, 2010, a copy of the foregoing **RESPONSE TO ORDER REQUESTING FURTHER BRIEFING AND TO DEFENDANTS' MOTION TO CLARIFY** was served electronically on all counsel of record.

s/ Richard L. Pomeroy