JAMES B. GOTTSTEIN, ABA # 7811100
jim.gottstein@psychrights.org
LAW PROJECT FOR PSYCHIATRIC RIGHTS, INC.
406 G Street, Suite 206
Anchorage, Alaska 99501
Tel: (907) 274-7686
Fax: (907) 274-9493

Attorney for Law Project for Psychiatric Rights

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>    *Ex rel.* Law Project for Psychiatric )<br>    Rights, an Alaskan non-profit )<br>    corporation, )<br>    )<br>    Plaintiff, )<br>    )<br>vs. )<br>    )<br>OSAMU H. MATSUTANI, MD, *et al.*, )<br>    )<br>    Defendants. )<br>_____) | Case No. 3:09-CV-00080-TMB |

**PSYCHRIGHTS' RESPONSE TO UNITED STATES'
RESPONSE TO ORDER REQUESTING FURTHER
BRIEFING REGARDING CONTINUED SEALING
OF DOCUMENTS**

At Docket Number 64 the Court ordered the United States of America (Government) to brief the continued sealing of Docket Numbers 2-13 and 15, and allowed any interested party to file a brief responding to the Government's brief. *Relator*, Law Project for Psychiatric Rights (PsychRights®), hereby submits its response.

First, Docket Numbers 10 and 13 should be unsealed because they have nothing to do with the Government's investigative process or work product.

Second, with respect to the remaining documents, PsychRights' position is that, at a minimum, should this Court unseal any documents to defense counsel, they should also be unsealed to the public.

More importantly, there is a very real question as to the propriety of continued sealing in any event. As a general rule, judicial records are to be open to the public. *Nixon v. Warner Communications*, 435 U.S. 589, 597, 98 S.Ct. 1306 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). (citations omitted). In *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-1179 (9th Cir. 2006), the Ninth Circuit recently had occasion to consider the scope of *Nixon*:

> A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must "articulate[ ] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure, such as the "' public interest in understanding the judicial process.'" In turn, the court must "conscientiously balance[ ] the competing interests" of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

(citations omitted).

With respect to the specific reasons for continued sealing put forth by the Government here, in *U.S. ex rel. Erickson v. University of Wash. Physicians*, 339 F.Supp.2d 1124, 1126 (W.D.Wash. 2004), citing to *United States v. CACI Int'l Inc.*, 885 F.Supp. 80, 83 (S.D.N.Y.1995), in ordering the whole file unsealed, the United States District Court for the Western District of Washington said:

> The government asserts that at least some of the documents filed in camera "reveal pieces of the government's investigatory techniques, decision-making processes, research, and reasoning[,]" and that exposing "all these matters to the public would benefit a multitude of defendants and potential defendants subject to fraud investigations, making the government's job of ferreting out and prosecuting fraud far more difficult." But careful in camera examination of the court file in this case shows that the documents

at issue, including those cited by the government as containing particularly sensitive information, merely describe routine investigative procedures. The instant situation is similar to the one described in *U.S. v. CACI,* where the court found that the documents at issue did not disclose any confidential investigative techniques, information which could

> jeopardize an ongoing investigation, or matters which could injure nonparties. Indeed ... the documents, save for the complaint, describe routine, general investigative procedures and do not implicate specific people or provide any substantive details.

PsychRights did not object to the continued sealing of the documents when the Government declined to intervene because it did not want to delay moving forward with the case over litigating this collateral issue. However, now that the question has been otherwise put at issue, PsychRights' view is that continued sealing from the public is not warranted.

## CONCLUSION

For the foregoing reasons, PsychRights believes the remaining contents of the court file should be unsealed.

RESPECTFULLY SUBMITTED this 15th day of March, 2010.

Law Project for Psychiatric Rights, an Alaskan non-profit corporation

By:    /s/ James B. Gottstein
     JAMES B. GOTTSTEIN
     ABA #7811100

     Attorney for *relator*, Law Project for Psychiatric Rights

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 15, 2010, a true and correct copy of this document and accompanying proposed order was served electronically on all parties of record by electronic means through the ECF system as indicated on the Notice of Electronic Filing, or if not confirmed by ECF, by first class regular mail.

       /s/ James B. Gottstein
JAMES B. GOTTSTEIN, ABA #7811100
Law Project for Psychiatric Rights