David B. Robbins (admitted *pro hac vice*)
Washington Bar No. 13628
Renee M. Howard (admitted *pro hac vice*)
Washington Bar No. 38644
BENNETT BIGELOW & LEEDOM, P.S.
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101
Telephone: 206-622-5511
Facsimile: 206-622-8986
Email: drobbins@bbllaw.com
       rhoward@bbllaw.com

Daniel W. Hickey (ABA No. 7206026)
GRUENSTEIN & HICKEY
Resolution Plaza
1029 W. 3rd Avenue, Suite 510
Anchorage, AK 99501
Telephone: (907) 258-4338
Fax: (907) 258-4350
Email: ghlaw3@gci.net

*Attorneys for Defendants Providence Health & Services and Osamu H. Matsutani, M.D.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, *Ex rel.* Law Project for Psychiatric Rights, an Alaskan non-profit Corporation,<br><br>                              Plaintiff,<br><br>    vs.<br><br>OSAMU H. MATSUTANI, MD, et al.,<br><br>                              Defendants. | NO. 3:09-cv-00080-TMB<br><br>**DEFENDANTS' RESPONSE TO UNITED STATES' RESPONSE TO ORDER TEMPORARILY SEALING DOCUMENTS AND REQUESTING FURTHER BRIEFING** |

# DEFENDANTS' RESPONSE TO UNITED STATES' RESPONSE TO ORDER TEMPORARILY SEALING DOCUMENTS AND REQUESTING FURTHER BRIEFING

On March 11, 2010, the Court asked the United States and all interested parties to submit briefing addressing the unsealing of certain documents in this case, which the Court temporarily resealed on March 11, 2010. (Doc. 70) To the best of the undersigned Defendants' understanding, the resealed documents (Doc. 2–13, and 15) represent the United States' pre-declination filings, certain clerical and other court orders, and pre-declination motions and documents filed by the relator Law Project for Psychiatric Rights ("PsychRights").

The United States, which chose not to intervene in this case, requests a blanket seal preventing both the public and Defendants (and their counsel) from viewing any documents filed before the Complaint was unsealed. (Doc. 71 at 9) On the other hand, PsychRights, the sole plaintiff, argues that all documents in the case should be unsealed and made available to both the public and the Defendants. (Doc. 72) For the reasons set forth below, the undersigned Defendants agree with PsychRights and respectfully request that the Court unseal the documents as to both the Defendants and the public, as there is no basis for maintaining a seal.

## ARGUMENT

The burden of establishing that documents are privileged and thus should remain under seal rests with the party asserting privilege. *In re Grand Jury Investigation v. The Corp.*, 974 F.2d 1068, 1070 (9th Cir. 1992). Here, the United States has not met its burden to establish the privileged nature of any of the resealed documents.

First, there is no basis for the continued sealing of pre-declination documents filed by the United States and related documents filed by the clerk. The United States argues that these documents should be sealed because they "record the government's investigative

processes" and "work product." (Doc. 71 at 4–8) Yet, it provides no information as to why these documents are distinguishable from routine government pre-intervention filings that courts generally find to be non-privileged. For example, in *United States ex rel. Erickson v. University of Washington Physicians*, 339 F. Supp. 2d 1124 (W.D. Wash. 2004), the court unsealed (over the government's objection) the government's *in camera* submissions to the court because the documents "merely describe routine investigative procedures" and "contain no information that could compromise a future investigation, such as explanation of specific techniques employed or specific reference to ongoing investigations." *Id.* at 1126–27. *See also United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) (unsealing government status report that merely "described routine investigative procedures which anyone with rudimentary knowledge of investigative processes would assume would be utilized in the regular course of business").

If the Court is inclined to maintain a seal here on the government's filing, the Defendants respectfully request that the Court inspect *in camera* the resealed documents to determine whether they in fact "disclose any confidential investigative techniques, information which could jeopardize an ongoing investigation, or matters which could injure nonparties," or merely "describe routine investigative procedures." *Erickson*, 339 F. Supp. 2d at 1126. If the Court determines the latter, the documents should be unsealed.

Second, regardless of the Court's decision as to the government's own filings, there is no basis for the continued sealing of the Relator's Motion to Unseal and exhibits thereto at document numbers 3, 3-3, and 3-3. Significantly, the exhibits to the Motion to Unseal contain PsychRights's "written disclosure statement" that it was statutorily required to provide to the government at the outset of the litigation. 31 U.S.C. § 3730(b)(2).[1] Under the terms of the

---

[1] Exhibits 4-7 to PsychRights's written disclosure constitute documents that are themselves public records and already published on PsychRights's website (correspondence between the Utah Office of the Attorney General and the Centers for Medicare and Medicaid Services, at Doc. 3-2, p. 13–18). There is no basis to seal documents otherwise available to the public.

FCA, this written disclosure sets forth "substantially all material evidence and information" that a relator possesses relative to its FCA claim. *Id.* The United States does not address these documents in its request to keep all documents sealed. To the extent any privilege could be asserted as to these documents, it would belong to PsychRights alone, and PsychRights specifically requests the Court to unseal them. (Doc. 72) On that basis alone, documents 3, 3-3, and 3-3 should be unsealed.

Even if a privilege applied and continued to apply to those documents, their relevance and Defendants' substantial need for them outweigh any basis to keep them sealed. Here, PsychRight's written disclosure will be critical to determine if the Court has subject matter jurisdiction over this case due to the FCA's public disclosure bar.[2] Indeed, courts regularly compel production of relators' written disclosures of material facts to the government for these reasons.[3]

For example, in *Stone v. Rockwell Corp.*, 144 F.R.D. 396 (D. Colo. 1992), the court rejected four separate bases upon which the relator attempted to avoid production of its written disclosure. First, it noted that nothing in the FCA provides a "cloak of confidentiality to the written disclosure statement." *Id.* at 398. Indeed, "[o]nce the government makes an intervention decision and the case goes forward, fundamental fairness dictates that the plaintiff must disclose to the defendant the factual basis for the suit," and thus "no legitimate reason exists for preserving the confidentiality of the written disclosure statement." *Id.*

---

[2] 31 U.S.C. § 3730(e)(4)(A).
[3] *See, e.g., United States ex rel. Grand v. Northrop Corp.*, 811 F. Supp. 333, 337 (S.D. Ohio 1992); *United States ex rel. Robinson v. Northrop Corp.*, 824 F. Supp. 830, 839 (N.D. Ill. 1993); *United States ex rel. Burns v. A.D. Roe Co., Inc.*, 904 F. Supp. 592, 594 (W.D. Ky. 1995); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1228, 1346 (E.D. Mo. 1996); *United States ex rel. Kosenske v. Carlisle HMA, Inc.*, No. 1:05-CV-2184, 2006 U.S. Dist. LEXIS 44840 (M.D. Pa. June 29, 2006). This case is unusual in that Defendants are not seeking PsychRight's written disclosure through discovery, but instead as part of the court record (attached to PsychRight's Motion to Unseal at Doc. 3-2). Also, as noted, PsychRights does not object to its disclosure.

at 399. Second, the court found that the disclosure is not an attorney-client communication because the relator did not create it for purposes of seeking legal advice, or with an expectation that it would remain confidential. *Id.* Third, the court noted that no work product protection applied. *Id.*

Finally, the court expressed "serious doubt" that any government privilege would apply to the written disclosure, and that even if a privilege did apply, it is outweighed by the document's relevance to the case and the defendant's need for it. In particular, where there has been a public disclosure of the allegations or transactions in an FCA action, the information in the written disclosure statement is essential to resolve the "threshold standing question" as to whether the relator was the original sources of the publicly-disclosed information:

> [W]ithout access to the plaintiff's disclosure statement, the defendant cannot make the critical comparison between the facts purportedly revealed by the plaintiff as an original source and facts which may have previously been available for public consumption.

*Id.* at 401-02. *See also United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 918 F. Supp. 1228, 1346 (E.D. Mo. 1996) (citing *Rockwell*, and noting that "all the courts to address this issue in published opinions have compelled the relator <u>and government</u> to produce the written disclosure on similar grounds") (emphasis added).

Here, PsychRights has not asserted any attorney client or work product privilege relative to its written disclosure, and asks the Court to unseal this and all other resealed documents. Nor has the United States asserted any privilege in connection with documents 3, 3-3, and 3-3, other than its general objection that none of the resealed documents should be unsealed because they record investigative techniques or work product. Certainly, no government investigative techniques are revealed in documents prepared by the relator for the government prior to the government's investigation. Nor can the government claim a work product privilege over a document simply because the document was provided to it.

In any event, even if a qualified privilege could attach to the written disclosure, Defendants' substantial need for the document outweighs any claim of privilege. As discussed above, to the extent that it becomes necessary to bring a jurisdictional challenge to PsychRight's claims under the FCA's "public disclosure bar" doctrine, the information in the written disclosure is critical for purposes of establishing whether PsychRights is an original source of information supporting its fraud claims. *See Rockwell*, 144 F.R.D. at 401 ("The threshold standing question relating to original source must be resolved largely on the basis of the knowledge of the private plaintiff <u>at the time he first made disclosure of the facts supporting his claims</u>, rather than on what he might know at the time discovery takes place in the *qui tam* suit.") (emphasis added). *See also United States ex rel. Burns v. A.D. Roe Co., Inc.*, 904 F. Supp. 592, 594 (W.D. Ky. 1995) ("[N]owhere else can Defendant obtain a more detailed summary of its alleged wrongdoing. . . . <u>The statement of material evidence is the best source of information and nothing can serve as its substitute.</u>") (emphasis added).

## CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court unseal documents 2-13 and 15, both as to the Defendants and the public. If the court is not inclined to unseal any or all of these documents as to the public, the Defendants request in the alternative that the Court seal them only from the public.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK.]

DEFENDANTS' RESPONSE TO U.S. RESPONSE TO ORDER TEMPORARILY
SEALING DOCUMENTS & REQUESTING FURTHER BRIEFING
*Law Project for Psychiatric Rights v. Matsutani, et al.*, Case No. 3:09-cv-0080-TMB
Page 6 of 11

DATED this 17th day of March, 2010.

By: s/ David B. Robbins
David B. Robbins, WSBA No. 13628
Admitted *pro hac vice*
drobbins@bbllaw.com
Renee M. Howard, WSBA No. 38644
Admitted *pro hac vice*
rhoward@bbllaw.com
BENNETT BIGELOW & LEEDOM, P.S.
1700 7th Avenue, Suite 1900
Seattle, WA 98101
Phone: (206) 622-5511
Fax: (206) 622-8986
Attorneys for Defendants Providence Health
& Services and Osamu H. Matsutani, M.D.


By: s/ Stacie L. Kraly
Stacie L. Kraly, ABA #9406040
Assistant Attorney General
Stacie.Kraly@alaska.gov
DANIEL S. SULLIVAN ATTORNEY
 GENERAL STATE OF ALASKA
P.O. Box 110300
Phone: (907) 465-4164
Fax: (907) 465-2539
Juneau, Alaska 99501
Attorneys for Defendants William Hogan,
William Streur, Tammy Sandoval and
Stephen McComb


By: s/ Vance A. Sanders
Vance A. Sanders, ABA #8611131
vsanders@gci.net
LAW OFFICE OF VANCE A.
 SANDERS, LLC
P.O. Box 240090
Douglas, Alaska 99284
Phone: (907) 586-1648
Fax: (907) 586-1649
Attorney for Defendant Juneau Youth Services,
Inc.

DEFENDANTS' RESPONSE TO U.S. RESPONSE TO ORDER TEMPORARILY
SEALING DOCUMENTS & REQUESTING FURTHER BRIEFING
*Law Project for Psychiatric Rights v. Matsutani, et al.*, Case No. 3:09-cv-0080-TMB
Page 7 of 11

By: s/ John J. Tiemessen
John J. Tiemessen, ABA #9111105
jjt@cplawak.com
CLAPP, PETERSON, VAN FLEIN
  TIEMESSEN & THORSNESS, LLC
411 Fourth Avenue, Suite 300
Fairbanks, Alaska 99701
Phone: (907) 479-7776
Fax: (907) 479-7966
Attorneys for Defendants Ronald A. Martino,
  MD, Irvin Rothrock, MD, and Fairbanks
  Psychiatric and Neurological Clinic


By: s/ Linda J. Johnson
Linda J. Johnson, ABA #8911070
ljj@cplawak.com
CLAPP, PETERSON, VAN FLEIN,
  TIEMESSEN & THORSNESS, LLC
711 H Street, Suite 620
Anchorage, Alaska 99501
Phone: (907) 272-9272
Fax: (907) 272-9586
Attorneys for Defendants Elizabeth Baisi, MD,
  Ruth Dukoff, MD, Lina Judith Bautista,
  MD, Jan Kiele, MD, and Frontline
  Hospitals, a Limited Liability Company


By: s/ Allen Frank Clendaniel
Allen Frank Clendaniel, ABA #0411084
clendaniel@alaskalaw.pro
SEDOR, WENDLANDT, EVANS &
  FILIPPI, LLC
500 L Street, Suite 500
Anchorage, Alaska 99501
Phone: (907) 677-3600
Fax: (907) 677-3605
Attorneys for Defendants Kerry Ozer, MD and
  Claudia Phillips, MD

By: s/ Robert C. Bundy
　　Robert C. Bundy, ABA #7206021
　　bundy.robert@dorsey.com
　　DORSEY & WHITNEY, LLP
　　1031 W. 4th Avenue, Suite 600
　　Anchorage, Alaska 99501
　　Phone: (907) 257-7853
　　Fax: (907) 276-4152
Attorneys for Defendants Southcentral
　　Foundation, Safeway, Inc. and Fred Meyer
　　Stores, Inc.


By: s/ Sanford M. Gibbs
　　Sanford M. Gibbs, ABA #6903013
　　akwrangler@aol.com
　　BROWN, WALLER & GIBBS, PC
　　821 N Street, Suite 202
　　Anchorage, Alaska 99501
　　Phone: (907) 276-2050
　　Fax: (907) 276-2051
Attorneys for Defendants Sheila Clark, MD
　　and Lucy Curtiss, MD


By: s/ Richard D. Monkman
　　Richard D. Monkman, ABA #8011101
　　dick@sonoskyjuneau.com
　　SONOSKY, CHAMBERS, SACHSE,
　　　MILLER & MUNSON, LLP
　　302 Gold Street, Suite 201
　　Juneau, Alaska 99801
　　Phone: (907) 586-5880
　　Fax: (907) 586-5883
Attorneys for Defendants Heidi F.
　　Lopez-Coonjohn, M.D., Robert D.
　　Schults, MD, Mark H. Stauffer, MD, and
　　City and Borough of Juneau, Alaska
　　(Bartlett Regional Hospital)

By: s/ Matthew W. Claman
　　Matthew W. Claman, ABA #8809164
　　clamanm@lanepowell.com
　　LANE POWELL, LLC
　　301 W. Northern Lights Blvd., Suite 301
　　Anchorage, Alaska 99503-2648
　　Phone: (907) 277-3311
　　Fax: (907) 276-2631
Attorneys for Defendant Alternatives
　　Community Mental Health d/b/a Denali
　　Family Services


By: s/ Cheryl Mandala
　　Cheryl Mandala, ABA #0605019
　　cmandala@jdolaw.com
　　JERMAIN, DUNNAGAN & OWENS, P.C.
　　3000 A Street, Suite 300
　　Anchorage, Alaska 99503
　　Phone: (907) 563-8844
　　Fax: (907) 563-7322
Attorneys for Defendant Anchorage
　　Community Mental Health Services, Inc.


By: s/ James E. Torgerson
　　James E. Torgerson, ABA #8509120
　　jetorgerson@stoel.com
　　STOEL RIVES LLP
　　510 L Street, Suite 500
　　Anchorage, Alaska 99501-1959
　　Phone: (907) 277-1900
　　Fax: (907) 277-1920
Attorneys for Defendant Thomson Reuters
　　(Healthcare) Inc.

By: s/ Eric B. Berlin
Eric P. Berlin, admitted *pro hac vice*
epberlin@jonesday.com
JONES DAY
77 West Wacker, Suite 3500
Chicago, Illinois 60601
Phone: (312) 269-4117
Fax: (312) 782-8585
Attorneys for Defendant Wal-Mart Stores, Inc.

Certificate of Service

I hereby certify that on March 17, 2010, a copy of this DEFENDANTS' RESPONSE TO UNITED STATES' RESPONSE TO ORDER TEMPORARILY SEALING DOCUMENTS AND REQUESTING FURTHER BRIEFING was served electronically on all parties of record.

   s/ David B. Robbins

{0310.00019/M0108324.DOC; 1}