IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA ex rel Law Project for Psychiatric rights**, <br><br> Plaintiff, <br><br> v. <br><br> **Osami H. Matsutani, et. al.,** <br><br> Defendants. | Case No. 3:09-cv-00080 TMB <br><br> **ORDER** <br><br> ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION WITHOUT PREJUDICE |

The Court has received Plaintiff's request for preliminary injunction, but will deny this motion without prejudice because its exhibits do not comply with the local rules.

Local Rule 10.1(c) requires all exhibits to be "numbered progressively according to the number of the page of the exhibit, preceded by the number or identification of the exhibit, e.g., "Ex. A, p. 1". [1]

Plaintiff's exhibits do not adhere to this standard. Indeed, Plaintiff has submitted at least 36 exhibits, but has not labeled the exhibits (or their contents) using a consistent scheme. Generally, parties use a number or letter to refer to their overall exhibit (e.g. "Exhibit 1" or "Exhibit A"), and then identify each individual page in that exhibit with a specific number (E.g. Ex. 1 at page 15). However, Plaintiff's exhibits use the following method:

---

[1] Of course, the Court can make exceptions where it is "impractical to comply with that requirement." *Id.* However, Plaintiff has not requested an exception here, and the Court sees no reason why one would be required.

| Part | Description | |
|---|---|---|
| 2 | Exhibit Table of Contents to Exhibits and Exhibits A through D1 | 25 pages |
| 3 | Exhibit Exhibit D.2 | 3 pages |
| 4 | Exhibit Exhibit D.3 | 11 pages |
| 5 | Exhibit Exhibit D.4 | 14 pages |
| 6 | Exhibit Exhibits D.5 and D.6 | 14 pages |
| 7 | Exhibit Exhibits D.7 and D.8 | 13 pages |
| 8 | Exhibit Exhibits D.9 through D.12 | 15 pages |
| 9 | Exhibit Exhibits D.13 and D.14 | 10 pages |
| …. | | |
| 18 | Exhibit Exhibits E.1 through E.3 | 205 pages |
| 19 | Exhibit Exhibits E.4 and E.5 | 183 pages |

....

The Court can understand why Plaintiff filed its exhibits this way. Plaintiff has claimed that the defendants defrauded Medicaid by requesting reimbursement for medications that were improperly prescribed to children (because these medications were not medically accepted or indicated for use in children). Thus to support this claim, Plaintiff has attached copies of the American Hospital Formulary Service (AHFS), a guide which lists the standard, medically accepted uses of each drug. As a result, each sub-part of the exhibit labeled "D" contains the photocopy of a single AHFS section on the relevant drug (for example, D.9 is dextroamphetamine, while D.10 is citalopram hydrobromide)

Unfortunately, Plaintiff did not keep a consistent numbering system for its exhibits. For example, Plaintiff has combined some of these AHFS listings into a single exhibit (Docket No. 6 contains four separate drug listings identified as D.9 through D.12, for example), while offering others as individual exhibits (see e.g. Docket No. 3). Finally, in some instances, Plaintiff even combined *unrelated* exhibits in a single docket entry: for example, Docket No. 2 contains both the "Table of Contents" and Exhibits A, B, C, and D1. This method makes it difficult for both the defendants and the Court to evaluate this motion.

A better method would be to list each medication as its own exhibit: for example, "Exhibit E: AHFS Listing for Dextroamphetamine" and "Exhibit F: AHFS Listing for Citalopram Hydrobromide." Another option would be to create a single, large "Exhibit D" that contains *all* of the relevant AHFS listings. Then, Plaintiff could simply refer to the relevant page number of this omnibus exhibit when discussing a particular drug (for example, "Defendants improperly prescribed dextroamphetamine, see Ex. D. at p. 15, and citalopram hdrobromide, see Ex. D. at p. 31.")

Accordingly, the Court will ask Plaintiff to renumber its exhibits and re-file this motion. Upon re-filing, Plaintiff should separate exhibits into individually lettered exhibits (e.g. Exhibit A, Exhibit B); and then sequentially number the pages in those exhibits (e.g. 1, 2, 3, 4, 5.) Since the exhibits that are currently listed as D.1 through D.29 contain the AHFS listings for several drugs that Plaintiff refers to in its motion, Plaintiff may wish to consider either (1) separating each drug listing out as its own exhibit, or (2) combining them all into a single exhibit, and then pin citing the specific page when discussing that drug in the motion.

The Court will also ask Plaintiff to provide pinpoint citations when discussing any facts or law. Currently, Plaintiff only cites to exhibit letters in its motion, not the specific page of that exhibit. For example, on page 12, Plaintiff states "Attached hereto as Exhibit D are the most recent citations in the American Hospital Formulary Service compendium…..for specific prescription psychotropic drugs often prescribed to children and youth. These establish the following with respect to medically accepted indications prescribed to children and youth for the specific psychotropic drugs:..Clorazil….Cymbalta….Desyrel." However, Exhibit D contains over 100 pages of documents that are strewn across 16 docket entries, and this general cite does not identify where the Court can find information on each of the specific drugs mentioned. Rather, the Court is left to scour numerous pages to determine where the information on each drug begins and ends. The Court should not be forced to search

3

for this information; Plaintiff must provide pinpoint citations for all exhibits and legal authority, and those citations should identify which specific page the Court must review to find this information.

Finally, it appears that some of the exhibits are incomplete and will need to be re-scanned. For example, all of the sentences in Exhibit E.32 (pages 1-78) are cut off on the right side, suggesting that there is more information which is not included in this exhibit. Upon refilling, Plaintiff shall ensure that the text in all of its exhibits is complete and legible.

For the reasons explained above, Plaintiff's motion for a preliminary injunction at Docket No. 78 is **DENIED WITHOUT PREJUDICE**. Plaintiff may resubmit its motion in accordance with the requirements listed above.

Dated at Anchorage, Alaska, this 26th day of March, 2010.

/s/ Timothy Burgess

Timothy M. Burgess
United States District Judge