DANIEL S. SULLIVAN, Attorney General
STACIE L. KRALY, Chief Assistant Attorney General
R. SCOTT TAYLOR, Senior Assistant Attorney General
Alaska Department of Law
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
(907) 269-5255 (phone)
(907) 279-8644 (facsimile)

Counsel for Defendants William Hogan,
Tammy Sandoval, Steve McComb,
and William Streur

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>*Ex rel.* Law Project for Psychiatric )<br>Rights, an Alaskan non-profit corp., )<br>                                                           )<br>        Plaintiff,                                    )<br>                                                           )<br>v.                                                        ) Case No. 3:09-cv-00080-TMB<br>                                                           )<br>OSAMU H. MATSUTANI, MD, *et al*.   )<br>                                                           )<br>        Defendants.                              )<br>_____) | |

### MOTION TO DISMISS CLAIMS AGAINST STATE OF ALASKA OFFICIALS WILLIAM HOGAN, TAMMY SANDOVAL, STEVE McCOMB, AND WILLIAM STREUR

The relator in this case, the Law Project for Psychiatric Rights (PsychRights), has failed to state a claim under the False Claims Act (FCA) upon which relief can be granted against defendants William Hogan, Tammy Sandoval, Steve McComb, and William Streur (State Defendants), who are all officials of the State of Alaska Department of Health and Social Services. State officials sued in their official

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

capacities are not subject to FCA liability as a matter of law. Moreover, PsychRights's sole theory of FCA liability against all the defendants in this case fails as a matter of law because it is based on the false premise that FDA-approved drugs prescribed for off-label and non-compendium-supported indications are barred from Medicaid federal financial participation. Since PsychRights has not – and cannot – state an FCA claim against these officials, the State Defendants move for dismissal of the claims against them pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I. STATE OFFICIALS SUED IN THEIR OFFICIAL CAPACITY, ARE NOT SUBJECT TO LIABILITY UNDER THE FALSE CLAIMS ACT.

In *Vermont Agency of Natural Resources v. United States ex rel. Stevens,*[1] the Supreme Court held that a state or state agency is not a "person" within the meaning of the False Claims Act and, therefore, not subject to liability in *qui tam* suits brought by private parties.[2] An official-capacity suit against a state officer, "is not a suit against the official but rather is a suit against the official office. As such it is no different from a suit against the State itself."[3] And it is to be treated as a suit against the State.[4] Accordingly, FCA claims against state officials acting in their official capacities are barred under

///

---

[1] 529 U.S. 765 (2000).

[2] *Id.* at 787-788.

[3] *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989).

[4] *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

*Stevens*, just as FCA claims brought explicitly against the State as a defendant.[5]

The State officials named among the 32 defendants in PsychRights's Complaint are: the Commissioner of the Alaska Department of Health and Social Services, William Hogan; the Director of the Alaska Office of Children's Services, Tammy Sandoval; the Director of the Alaska Division of Juvenile Justice, Steve McComb; and the Director of the Alaska Division of Health Care Services, William Streur. Although the caption of the Complaint states that the State Defendants are being sued "individually" as well as in their official capacities, the descriptions of the parties and the allegations against them in the body of the Complaint are limited to their official capacity status as the heads of the state department and divisions that contain the Alaska Medicaid and Children Health Insurance Programs.[6] The Causes of Action against the State Defendants allege defendants "Hogan and Streur are … liable under the False Claims Act for <u>Alaska authorizing</u> false claims for reimbursement by the Government"

---

[5] *See, e.g., United States ex rel. Stoner v. Santa Clara County Office of Education*, 502 F.3d 1116, 1123 (9th Cir. 2007) ("state instrumentalities" that are "effectively arms of the state" are not subject to liability under the FCA, and the Eleventh Amendment poses an independent bar to *Qui tam* action against such entities); *United States ex rel. Adrian v. Regents of the University of California*, 363 F.3d 398, 402 (5th Cir. 2004) ("no FCA cause of action against [state agency employees] in their official capacities"); *United States ex rel. Gaudineer & Comito, L.L.P. v. Iowa*, 269 F.3d 932 (8th Cir. 2001), cert. denied, 536 U.S. 925 (2002) (dismissing qui tam suit against official for conduct taken as part of official duties); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (dismissing qui tam suit against state's attorneys for conduct related to their official litigation duties); *Alexander v. Gilmore*, 202 F. Supp. 2d 478 (E.D. Va. 2002) (dismissing suit against officials of state department of corrections where no facts alleged to suggest that officials were acting in anything other than official capacity).

[6] Complaint at ¶¶ 11 – 14 and ¶¶ 188 – 190.

1 and that defendants Sandoval and McComb are liable under the FCA because they
2 "administer programs" that have submitted false claims for federal reimbursement.[7] The
3 Complaint makes no allegation that any of the State Defendants individually presented,
4 or caused to be presented, a claim to Medicaid for payment of the federal financial
5 participation share of an outpatient prescription that was for an indication not in the
6 compendia, which is PsychRights's sole theory of FCA liability. The language and
7 context of the Complaint allege a claim of FCA liability against the State of Alaska over
8 the scope of its Medicaid Drug Program – not against the State Defendants individually.[8]
9 PsychRights's claims against the State Defendants, as the heads of the department and
10 divisions that contain the state Medicaid program, are "official capacity" claims against
11 their official offices. PsychRights has thereby failed to state a claim against the State
12 Defendants, because there is no FCA cause of action against state officials in their
13 official capacities.

While "official capacity" FCA claims against county officials were dismissed in *Stoner*, the Ninth Circuit reversed the district court's dismissal of "individual capacity" claims, holding that "state employees may be sued in their

///

---

[7] Complaint at ¶¶ 188 – 190 (emphasis added).

[8] *See, e.g.,* Complaint at ¶ 168 ("State Medicaid programs are not allowed to authorize reimbursement for prescriptions that are not for an indication that is approved by the FDA or supported by one or more of the Compendia.").

United States of America *Ex rel.* Law Project for Psychiatric Rights v. Osamu H. Matsutani, MD *et al.*
MOTION TO DISMISS CLAIMS AGAINST STATE OF ALASKA OFFICIALS
Case No.: 3:09-cv-00080-TMB
Page 4 of 7

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

*individual capacities* under the FCA for actions taken in the course of their official duties."[9] But the mere incantation of the term "individual capacity" is not enough to transform an official capacity action into an individual capacity action.[10] Even in the context of "individual capacity" actions under 42 U.S.C. § 1983, upon which the *Stoner* court relied, state officers may be held personally liable for damages based upon official actions, only where they were sufficiently involved personally in a constitutional or statutory violation.[11] The relator in *Stoner* had alleged that three county employees personally made false certifications to induce the government to give money for educational programs.[12] No individual actions by the State Defendants are alleged here. A thorough reading the Complaint reveals not a single allegation suggesting that any of the State Defendants were individually involved in submitting claims for Medicaid federal financial participation that could subject them to personal liability and damages

---

[9] 502 F.3 at 1125 (but noting that state employees sued individually under the FAC maybe entitled to qualified immunity) (emphasis added). This holding is in conflict with the Eighth Circuit decision in *Gaudineer*, 269 F.3d at 937, and several district court decisions that have held that a state official cannot be sued under the FCA, even in an individual capacity, unless the official was acing "outside his official duties." *See, e.g., Alexander v. Gilmore*, 202 F.Supp.2d 478, 482 (E.D. Va. 2002); *United States ex rel. Honeywell, Inc. v. San Francisco Housing Authority*, No. C99-1936 TEH, 2001 WL 793300, at *5 (N.D. Cal. July 12, 2001) (holding that FCA claims against government officials in their individual capacity must include allegations of personal gain).

[10] *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 543 (1986).

[11] *United States ex rel. Burlbaw v. Regents of the New Mexico State University*, 324 F.Supp.2d 1209, 1216 (D. N.M. 2004) (citing *Alden v. Maine*, 527 U.S. 706, 757 (1999) ("[A] suit for money damages may be prosecuted against a state officer in his individual capacity for unconstitutional or wrongful conduct fairly attributable to the officer himself …")).

under the FCA, as interpreted in *Stoner*. PsychRights's claims against the State Defendants are in their official capacities and only in those capacities.[13] As such, the Complaint fails to state a claim against the State Defendants under the FCA as a matter of established law.

## II. PSYCHRIGHTS HAS NOT ALLEGED A FALSE CLAIM AS A MATTER OF LAW.

Even if PsychRights were able to sue the State Defendants under the FCA, it would have to prove that they knowingly submitted, or caused to be submitted, false claims to the government.[14] But, as demonstrated in the concurrently-filed Motion to Dismiss Under Rule 12(b)(6) and supporting Memorandum, PsychRights's sole theory of FCA liability is based on an erroneous interpretation of the Social Security Act. The Act permits state Medicaid drug programs to cover FDA-approved psychotropic medication prescribed by physicians for indications that are not listed in the compendia, which Alaska's Medicaid drug program unambiguously does. In addition to all of its other flaws, PsychRights's Complaint simply fails to allege a false claim, without which there can be no liability under the FCA.

## CONCLUSION

Because the State Defendants cannot be subject to suit in their official capacities as defendants in an FCA action, and because, in any event, PsychRights's

---

[12] 502 F.3d at 1119-1120.

[13] *See Bender*, 475 U.S. at 543 (paraphrasing the holding in *Brandon v. Holt*, 469 U.S. 464, 469 (1985)).

[14] 31 U.S.C. § 3729(b).

United States of America *Ex rel.* Law Project for Psychiatric Rights v. Osamu H. Matsutani, MD *et al.*
MOTION TO DISMISS CLAIMS AGAINST STATE OF ALASKA OFFICIALS
Case No.: 3:09-cv-00080-TMB
Page 6 of 7

Complaint fails to state an FCA claim as a matter of law, the claims against the State Defendants should be dismissed with prejudice pursuant to Civil Rule of Federal Procedure 12(b)(6).

DATED this 5th day of April, 2010, at Anchorage, Alaska.

          DANIEL S. SULLIVAN
          ATTORNEY GENERAL
          Attorneys for the State Defendants

By:   /s/ Stacie L. Kraly
       Alaska Bar No. 9406040
       Chief Assistant Attorney General
       P.O. Box 110300
       Juneau, Alaska 99811
       Telephone: (907) 465-4164
       Fax: (907) 465-2539
       Email: Stacie.Kraly@alaska.gov

       /s/ R. Scott Taylor
       Alaska Bar No. 8507110
       Senior Assistant Attorney General
       1031 W. Fourth Avenue, Ste. 200
       Anchorage, Alaska 99501
       Telephone: (907) 375-7775
       Fax: (907) 279-8644
       Email: Scott.Taylor@alaska.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2010, a true
and correct copy of the MOTION TO DISMISS
CLAIMS AGAINST STATE OF
ALASKA OFFICIALS WILLIAM HOGAN,
TAMMY SANDOVAL, STEVE McCOMB,
AND WILLIAM STREUR was served
electronically on all parties of record.

/s/ Stacie L. Kraly
Alaska Bar No. 9406040

United States of America *Ex rel.* Law Project for Psychiatric Rights v. Osamu H. Matsutani, MD *et al.*
MOTION TO DISMISS CLAIMS AGAINST STATE OF ALASKA OFFICIALS
Case No.: 3:09-cv-00080-TMB
Page 7 of 7